IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>LAUREN ASHLEY CROWDER   ) | Criminal Action No. 7:18-cr-00009-1<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Lauren Crowder's motion for early termination of supervised release. (Dkt. No. 130.) The government does not oppose the request. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Crowder's motion. As recommended by probation, the court will grant Crowder's motion.

I. BACKGROUND

From September 2017 to January 2018, Crowder possessed and distributed controlled substances in Roanoke, Virginia. On October 25, 2018, a superseding indictment charged Crowder with eight counts related to a conspiracy to distribute controlled substances. (Superseding Indictment, Dkt. No. 35.) Ultimately, on April 1, 2019, Crowder pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine. (Dkt. No. 79.) For purposes of calculating the guideline range, Crowder was held responsible for approximately 113 grams of methamphetamine.

On March 12, 2020, the court held a sentencing hearing. Crowder faced a 10-year mandatory minimum; however, the government filed a motion for substantial assistance that recommended a 30% downward departure. Additionally, the court found that Crowder was eligible for the safety valve provisions because she proved by a preponderance of the evidence that a firearm was not involved in her drug-trafficking activities. The court calculated a

guideline range of 49 to 60 months and varied downward to a sentence of 12 months and one day because of Crowder's significant rehabilitative efforts during her two-year period of pretrial supervision—which included employment, parenting responsibilities, and sobriety—her unusually significant level of family support, and her lack of criminal history. The court also imposed a two-year term of supervised release.

Crowder was released from prison on March 20, 2021, and she is 34 years old. She has now been on supervised release for more than a year. On April 7, 2022, via a letter to the court, Crowder moved for early termination of her remaining supervised release term. Probation supports Crowder's motion because she has done exceptionally well since being released. The government does not object.

II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of

supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

In support of her motion, Crowder states that she has continued the rehabilitative process she started during her two-year period of pretrial supervision. Like that period of rehabilitation, which the court credited in varying downward, Crowder has excelled at her job, cared and provided for her three-year old daughter, and continues to have the support of her family, who live nearby. Crowder also credited the therapy she received while incarcerated for helping her continue to progress as a person and mother. Finally, she noted that she has not had any additional criminal charges and has passed all drug screens.

As the court noted at sentencing, Crowder's offense was serious, but at this point, Crowder has served her period of incarceration and over half the period of supervised release. Crowder is surrounded by family, caring for her daughter, and gainfully employed. She has a number of notable and worthy accomplishments in her year of supervised release. The court finds that there is no longer a need to protect the public or to deter Crowder from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Crowder's motion for early termination of her supervised release.

III.  CONCLUSION

For the foregoing reasons, Crowder's motion for early termination of supervised release (Dkt. No. 130) will be granted.  The court will issue an appropriate order.

Entered: May 19, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge